**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1104
_____

NEVEL LAREY HESLOP,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A038-582-748)
Appellate Immigration Judge: Earle B. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(November 17, 2022)

Before: HARDIMAN, PORTER, and FISHER, *Circuit Judges*.

(Filed: November 30, 2022)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Nevel Larey Heslop petitions for review of the decision of the Board of Immigration Appeals denying his motion to reopen removal proceedings. We will deny the petition.

I

Heslop is a native and citizen of Jamaica who entered the United States as a lawful permanent resident in 1984. In 1991, he was convicted in New Jersey of murdering his wife after he stabbed her in a barber shop. The next year Heslop was placed in removal proceedings because his conviction was an aggravated felony. An immigration judge issued an order of deportation in 1996 after denying Heslop a waiver of inadmissibility under former INA § 212(c).

In 2011 and 2013, while Heslop was still incarcerated in the United States, his family stated they had received threats against his life made by the family of his late wife and an unknown person. In 2013, Heslop petitioned for review of his order of removal with this Court, which we dismissed for lack of jurisdiction. We notified Heslop that his claims relating to changed circumstances in Jamaica had to be presented to the agency first. In 2021, Heslop petitioned to reopen his removal proceedings under the regulations implementing the Convention Against Torture. The BIA denied the petition, holding it was untimely and that no exception applied. Heslop filed this petition for review.

2

II[1]

Heslop's petition to reopen was not filed within 90 days of the agency's final administrative order as required by regulation. *See* 8 C.F.R. § 1003.2(c)(2). To avoid that time bar, Heslop claims circumstances in Jamaica have changed since his deportation order was entered in 1996. *See Bamaca-Cifuentes v. Att'y Gen.*, 870 F.3d 108, 110–11 (3d Cir. 2017).

A

Heslop cites death threats against him, and his fear that the family and former partner of his late wife, whom he alleges have ties to the Jamaican government, will try to kill him. Though its opinion is not a model of clarity, the BIA assumed that these circumstances suffice to establish changed country conditions and proceeded to evaluate Heslop's prima facie eligibility for CAT protection. App. 13–14.

Heslop claims the BIA erred when it applied the incorrect standard for establishing prima facie eligibility for relief. He is correct. Motions to reopen must show a "reasonable likelihood" that the movant can establish entitlement to relief under CAT in a reopened proceeding. *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002) (citation omitted). This standard is less demanding than the burden at the merits phase, where the applicant must show it is "more likely than not" he will be tortured if removed to the proposed country. 8 C.F.R. § 208.16(c)(2). Here, the BIA began its analysis by citing

---

[1] We have jurisdiction to consider Heslop's petition under 8 U.S.C. § 1252(a)(1). Venue is proper because the proceedings were conducted in Newark, New Jersey. 8 U.S.C. § 1252(b)(2); A.R. 872.

cases that use the correct reasonable-likelihood standard. App. 13. But it later referenced the more demanding standard: "more likely than not." App. 13–14.

When the BIA applies the wrong standard of review, we retain the discretion to decline remand and to determine as a matter of law whether the submitted evidence establishes a prima facie case. *See Guo v. Ashcroft*, 386 F.3d 556, 564 (3d Cir. 2004), as amended (Dec. 3, 2004); *Tilija v. Att'y Gen.*, 930 F.3d 165, 174 (3d Cir. 2019). We conclude that Heslop has no prima facie case for relief because he failed to present sufficient evidence of likely torture in Jamaica as necessary to show a reasonable likelihood of entitlement to CAT relief. Heslop failed to submit evidence establishing that those threatening his life have current ties to any government official, let alone a tie sufficient to convince the Jamaican government to consent or acquiesce in any feared torture. *Darby v. Att'y Gen.*, 1 F.4th 151, 163 (3d Cir. 2021). The BIA also reasonably relied on the evidence of the State Department's 2020 Country Report on Human Rights Practices for Jamaica that discussed the success of Jamaica's Independent Commission of Investigations, which investigates and assists in the prosecution of any abuses by state agents. App. 14; A.R. 632–33. Therefore, Heslop failed to establish a reasonable likelihood that he will be tortured upon removal to Jamaica.

B

Heslop also cites general threats against deportees in Jamaica that he says make him vulnerable to vigilante justice. The BIA found that this claim failed to clear the procedural hurdle because Heslop did not submit material evidence of changed country conditions in Jamaica. App. 12–13. None of the record materials Heslop identified on

4

appeal describe conditions in Jamaica in 1996 sufficient to establish a material change. *See Khan v. Att'y Gen*., 691 F.3d 488, 496–97 (3d Cir. 2012). They make passing reference to changes made by the Illegal Immigration Reform and Immigration Responsibility Act in 1996. But they offer no description of the conditions in Jamaica at that time. The BIA concluded that Heslop failed to establish what conditions were like in Jamaica in 1996 as a baseline point of comparison. App. 12–13. Because that conclusion was sound, the BIA did not abuse its discretion when it rejected Heslop's claim of general threats because he did not introduce material evidence of changed country conditions. *Darby*, 1 F.4th at 160.

* * *

For these reasons, we will deny Heslop's petition for review.

5